## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**DENZEL BRAUD**                                                    **PLAINTIFF**
**ADC #171331**

**V.**                          **NO. 4:21-cv-00530-KGB-ERE**

**SONDRA PARKER,** *et al*.                                **DEFENDANTS**

### RECOMMENDED DISPOSITION

### I.    Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge Kristine

G. Baker. Any party may file written objections to all or part of this

Recommendation. Any objections filed must: (1) specifically explain the factual

and/or legal basis for your objection; and (2) be received by the Clerk of this Court

within fourteen days of the date of this Recommendation. If no objections are filed,

Judge Baker may adopt this Recommendation without independently reviewing all

of the evidence in the record. By not objecting, the parties may waive the right to

appeal questions of fact.

### II.    Background:

Plaintiff Denzel Braud, an Arkansas Division of Correction (ADC) inmate,

filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Braud claims

that Defendants Sondra Parker, Rory Griffin, and James Gipson have been

deliberately indifferent to his serious medical needs. Specifically, Mr. Braud alleges

that Defendants denied his requests for additional medical work restrictions as ordered by his physician, including restrictions on outside duty and exposure to dust and chemicals.

The Court previously dismissed Mr. Braud's claims against Gloria Thompson. *Doc. 8*. In addition, the Court previously recommended that Mr. Braud's claims against Defendants Griffin and Gipson be dismissed. *Doc. 18*. That recommendation remains pending.

Now before the Court is Ms. Parker's motion for summary judgment. *Doc. 28*. She argues that Mr. Braud failed to fully exhaust his administrative remedies. Mr. Braud has responded to Ms. Parker's motion (*Doc. 33*), and Ms. Parker has filed a reply. *Doc. 34*.

For the reasons stated below, the Court recommends that Ms. Parker's motion for summary judgment be GRANTED.

## III.    Discussion:

### A.    The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted prior to filing a civil lawsuit under 42 U.S.C. § 1983. See 42 U.S.C. § 1997e(a) (declaring "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Braud to satisfy the ADC's requirements for raising and administratively exhausting the claims he is asserting in this lawsuit before bringing this action.[1]

## B.     The ADC's Exhaustion Policy

At all times relevant to this action, the ADC provided a three-step administrative grievance process. *Doc. 29-1; Doc. 29-2; Doc. 29-3*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Doc. 29-1 at 17; Doc. 29-2 at 19; Doc. 29-3 at 19*.

To fully and properly exhaust administrative remedies regarding a medical complaint, an ADC prisoner must file: (1) a "Step One" informal resolution raising

---

[1] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising that claim with the Health Services Administrator within three business days of the denial of the informal resolution; and (3) an appeal to the Deputy Director of Health within five working days of the Health Services Administrator's decision. *Doc. 29-1 at 5-14; Doc. 29-2 at 6-14; Doc. 29-3 at 6-14*. The grievance process ends when the Deputy Director of Health renders a written decision or rejection of an appeal. *Doc. 29-1 at 12-13; Doc. 29-2 at 13-14; Doc. 29-3 at 13-14*. Thus, to properly exhaust his administrative remedies with respect to the deliberate-indifference claim asserted here, Mr. Braud was required to present the claim in a timely filed grievance and appeal it through all three steps of the ADC's grievance process. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

### C.    Grievance VSM-20-2229

Ms. Parker submits the declaration of Shelly Byers, the ADC Assistant Medical Services Administrator. *Doc. 29-5*. Ms. Byers states that Mr. Braud fully

exhausted one medical grievance related to the claims raised in this lawsuit, VSM-20-2229. *Id. at 1*. She explains that, in that grievance, Mr. Braud "did not identify Defendant Sondra Parker." *Id*. Therefore, Ms. Byers concludes that Mr. Braud failed to fully exhaust his claims against Ms. Parker. *Id.* The Court agrees.

In grievance VSM-20-2229, Mr. Braud complained that *unidentified* medical staff members responsible for issuing medical work restriction prescriptions failed to provide him his medical work script. *Doc. 29-4 at 4*. In addition, he stated that he had written inmate requests and had asked several *unidentified* nurses about his medical script, but he never received an answer. *Id*. In his appeal of the health services response to that grievances, Mr. Braud specifically referenced Nurse Simpson (not a party to this lawsuit). *Id. at 2*. Ms. Parker, in her role as the Health Services Administrator, responded to Mr. Braud's grievance, but her participation in the grievance process, alone, is insufficient to establish liability. *Rowe v. Norris*, 198 Fed. Appx. 579, *1 (8th Cir. 2006) (unpub. per curiam).

It is undisputed that Mr. Braud failed to file and fully exhaust a grievance that named or otherwise identified Ms. Parker. *Townsend v. Murphy*, 898 F.3d 780, 784 (8th Cir. 2018) (ADC prisoner failed to exhaust administrative remedies with respect to officials that were not named or otherwise described in his grievance); *Burns v. Eaton*, 752 F.3d 1136, 1137 (8th Cir. 2014) (clarifying that a prisoner must exhaust his specific claims against each separate defendant). If Mr. Braud believed that Ms.

Parker personally failed to ensure that he received the medical scripts at issue, he could have filed a grievance raising that issue. Because he did not do so, Mr. Braud's claims against Ms. Parker must be dismissed.

## IV.   **Conclusion**:

IT IS THEREFORE RECOMMENDED THAT:

1.     Ms. Parker's motion for summary judgment *(Doc. 28)* be GRANTED and Mr. Braud's claims against her be DISMISSED, without prejudice, based on his failure to fully exhaust his administrative remedies.

2.     The Clerk be instructed to close this case (assuming the pending Partial Recommended Disposition (*Doc. 18*) has been adopted).

DATED this 25th day of February, 2022.

_____
UNITED STATES MAGISTRATE JUDGE